## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**LAMONT VALES**                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:23CV-P645-JHM**

**OLDHAM COUNTY JAIL**                                                                           **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Lamont Vales filed the instant *pro se* prisoner action under 42 U.S.C. § 1983. The amended complaint (DN 12) is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims and give him an opportunity to file a second amended complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Oldham County Jail (OCJ). He names OCJ as the only Defendant. He states, "My Eighth Amendment rights to medical were violated. I was refused medical treatment/attention for 2 months for no reason. Dates September, October year of 2022 . . . 10-5-22 9-11-22 11-16-22 location medical."

As relief, Plaintiff seeks compensatory damages.

### II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. OCJ

Plaintiff sues OCJ. However, OCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Oldham County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S.

115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action taken against him occurred pursuant to a policy or custom of Oldham County. Accordingly, Plaintiff's claim against OCJ/Oldham County must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Opportunity to amend*

Before dismissing the action upon initial review, the Court will allow Plaintiff to file a second amended complaint to name any individuals who he alleges denied him treatment, to state specifically how he alleges each denied him treatment and for what ailment, and to state the dates on which he was allegedly denied treatment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."). Plaintiff must also state whether he is a pretrial detainee or a convicted inmate.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against OCJ is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** OCJ as a party to the action as no claims remain against it.

**IT IS FURTHER ORDERED** that **on or before May 6, 2024**, Plaintiff shall file an amended complaint in accordance with the instructions above.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms.

**Plaintiff is WARNED that should he fail to file an amended complaint within the time allowed, the action will be dismissed for the reasons stated herein**.

Date: April 9, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010